ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| ASOCIACIÓN DE RESIDENTES Y RECREATIVA CAMINO DEL MAR, INC.<br><br>Recurrida<br><br>v.<br><br>DAMARIS SANTIAGO MÉNDEZ<br><br>Peticionaria | TA2025AP00689 | *Apelación*, acogida como *certiorari*, procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2023CV06933<br><br>Sobre: Cobro De Dinero |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de enero de 2026.

Comparece la señora Damaris Santiago Méndez (señora Santiago Méndez o "Peticionaria"), mediante una *Apelación Civil* acogida como *Certiorari*. Nos solicita la revocación de la *Orden* emitida el 3 de diciembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario). Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* la solicitud de nulidad de sentencia y desestimación presentada por la Peticionaria.

Por los fundamentos que expondremos a continuación, se *expide* el recurso de *certiorari* y se confirma el dictamen recurrido.

**I.**

El 11 de diciembre de 2023, la Asociación de Residentes y Recreativa Camino del Mar, Inc. ("Recurrida") instó una *Demanda* sobre cobro de dinero, al amparo de la Regla 60 de Procedimiento Civil, 32 LPRA Ap. V, R. 60, en contra de la señora Santiago Méndez. En síntesis, entre otros gastos, requirió que la Peticionaria emitiera a su favor $10,041.89 en concepto de una suma adeudada por

cuotas vencidas y no pagadas, intereses, recargos, costos de colección y/o penalidades permitidas por Ley, y/o Escritura, y/o la Ordenanza Municipal y/o el Reglamento de la demandante. El 12 de diciembre de 2023 el foro primario emitió una *Orden* mediante la cual señaló la celebración del juicio en su fondo para el 10 de mayo de 2024. El 13 de diciembre de 2023 se expidió la correspondiente citación a la señora Santiago Méndez.

El 12 de febrero de 2024 la Asociación de Residentes y Recreativa Camino del Mar, Inc. presentó una *Moción para conversión al trámite ordinario y para emplazamiento por edicto* a la cual adjuntó una Declaración Jurada con el siguiente contenido:

> [...]
> 1. Que mi nombre y demás circunstancias personales son las antes expresadas.
> 2. Que el día 10 de enero de 2024, recibí notificación/citación para diligenciamiento (emplazamiento) personal en el caso de epígrafe.
> 3. Que los días 17 y 19 de enero de 2024, en horas de la noche me personé a la dirección física que expresa la Notificación y Citación, y no había nadie en la propiedad. No había vecinos disponibles para preguntar. Me dirigí a la caseta del Guardia para preguntar sobre la propiedad y me indicaron que esa propiedad estaba vacía hacía tiempo.
> 4. Que el día 23 de enero de 2024, en horas de la tarde volví a personarme a la dirección física que expresa la Notificación y Citación y hablé con la Sra. Valeria Martínez, vecina de la propiedad CE-46, la cual me indicó que hacía aproximadamente dos años la Sra. Damaris Santiago Méndez no vivía en la propiedad, toda vez que luego del divorcio se mudó al tiempo. Le pregunté si tenía algún contacto con ella, número de teléfono o dirección reciente, a lo que me indicó en la negativa, pues no había nada de ella.
> 5. Que buscando en los foros pertinentes encontramos la siguiente información: Sentencia de Divorcio por mutuo consentimiento en 28 de marzo de 01. Caso de Relaciones de Familia, Caso Núm. LD12021-0002 del 24 de septiembre de 2021, dos casos en el Tribunal de Apelaciones por Pensión Alimentaria, Caso Núm. KLCR202101087 del 18 de marzo de 2022 y Caso Núm. KLCE202300404 del 20 de noviembre de 2023. Finalmente, en la Corte de Bancarrota de San Juan bajo el Capítulo 13 los casos 19-03782-ESL13 y 23-01139-ESL13.
> 6. Que nos personamos a la Comandancia y hablamos con la Agente Torres, Placa 37657 para indagar si había querellas, multas, órdenes u otros documentos que pudieran darnos otra dirección para poder gestionar el diligenciamiento, pero el resultado fue negativo.
> 7. Que en el presente caso hemos tratado de localizar a la Sra. Damaris Santiago Méndez por otras vías como en las redes sociales, Internet, con vecinos, Asociación de

Residentes y a la Comandancia de la Policía, siendo el resultado de estas gestiones totalmente NEGATIVAS.[1]

Evaluada dicha solicitud, el 12 de febrero de 2024, el TPI emitió una *Orden* en la que declaró *Con Lugar* la solicitud para diligenciar el emplazamiento por edicto.[2] El 13 de febrero de 2024 el foro primario dejó sin efecto la vista del 10 de mayo de 2024 y convirtió el procedimiento a uno ordinario.

Para el 10 de abril de 2024, la Asociación de Residentes y Recreativa Camino del Mar, Inc. presentó una *Moción de Anotación de Rebeldía y Sentencia en Rebeldía.*[3] Precisó que el 29 de febrero de 2024, se publicó el emplazamiento por edicto en el periódico de circulación general "The San Juan Daily Star". Igualmente, manifestó que el 1 de marzo de 2024 envió mediante correo certificado con acuse de recibo copia de la demanda, orden y emplazamiento por edicto a la señora Santiago Méndez a sus últimas direcciones conocidas, "siendo unas devuelta por servicio postal". Según surge del anejo acompañado a la referida moción, uno de los sobres de correo postal fotocopiados consigna: "*Return to Sender Unclaimed Unable to Forward Return to Sender*". Así las cosas, la Asociación de Residentes y Recreativa Camino del Mar, Inc. solicitó la anotación de la rebeldía de la parte demandada, toda vez que transcurrió el término de treinta (30) días previsto en la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6 sin que ésta presentara alegación responsiva. Conforme a lo solicitado, el 11 de abril de 2024, el foro primario emitió una *Orden* en la que procedió a anotar la rebeldía.[4]

El 26 de abril de 2024, la Asociación de Residentes y Recreativa Camino del Mar, Inc. presentó una *Moción para que se*

---

[1] *Véase*, Apéndice del Recurso, Entrada Núm. 7.
[2] *Véase*, Apéndice del Recurso, Entrada Núm. 9.
[3] *Véase*, Apéndice del Recurso, Entrada Núm. 11.
[4] *Véase*, Apéndice del Recurso, Entrada Núm. 12. (El 30 de abril de 2024 la notificación de dicha *Orden* fue devuelta, consignándose en el sobre: "*Return to Sender Not Deliverable As Addressed Unable to Forward*". Entrada Núm. 16).

*dicte sentencia en rebeldía.*[5] El 29 de abril de 2024, el TPI dictó *Sentencia* en rebeldía, en la cual declaró *Ha Lugar* la acción legal en cobro de dinero instada por la Recurrida.[6] Ese día, se emitió notificación de sentencia por edicto.

El 12 de junio de 2024 la Asociación de Residentes y Recreativa Camino del Mar, Inc. instó un *Escrito Informativo sobre Notificación de Sentencia por Edicto.*[7] Manifestó que el 7 de mayo de 2024 la *Sentencia* fue publicada en el periódico "The San Juan Daily Star". A su vez, informó que le notificó a la señora Santiago Méndez la *Sentencia* por edicto mediante correo postal, sin embargo, dicha notificación fue devuelta. El anejo incluye fotocopia de dos sobres de correo postal dirigidos a la señora Santiago Méndez a las siguientes direcciones: 1) Urb. Valle Verde 40 Calle Sevilla, Hatillo, PR 00659-2612; y 2) Urb. Camino del Mar 5047 Vereda Cangrejos, Toa Baja, PR 00949. Ambos sobres tienen una etiqueta que indica "*Return to Sender Unclaimed Unable to Forward Return to Sender*". El 20 de junio de 2024 el TPI dio por cumplida la orden sobre publicación de sentencia por edictos.

El 2 de julio de 2024 la Asociación de Residentes y Recreativa Camino del Mar, Inc. presentó una *Moción Solicitando Ejecución de la Sentencia Mueble.*[8] En atención a lo peticionado por la Recurrida, el 8 de julio de 2024, el TPI emitió una *Orden sobre Ejecución de Sentencia Mueble.*[9] Ese día, el foro primario emitió un *Mandamiento de Ejecución Mueble.* De igual forma, el 16 de julio de 2024, el TPI emitió un *Mandamiento de Ejecución para Anotar Gravamen de Vehículo.* El 25 de septiembre de 2024 se registró el *Mandamiento diligenciado y Orden.*

---

[5] *Véase*, Apéndice del Recurso, Entrada Núm. 13.
[6] *Véase*, Apéndice del Recurso, Entrada Núm. 14.
[7] *Véase*, Apéndice del Recurso, Entrada Núm. 19.
[8] *Véase*, Apéndice del Recurso, Entrada Núm. 21.
[9] *Véase*, Apéndice del Recurso, Entrada Núm. 22.

Posteriormente, el 30 de agosto de 2025 la señora Santiago Méndez presentó un escrito intitulado *Comparecencia especial sin someterse a la jurisdicción del tribunal sobre nulidad de sentencia y solicitud de desestimación.*[10] En síntesis, en cuanto al bien inmueble localizado en la Urb. Camino del Mar CE #47 Vereda Cangrejos, Toa Baja, Puerto Rico, alegó que se estipuló en la Sentencia de divorcio que su entonces esposo el señor Jorge Gerardo Quiles Maldonado "asumirá el pago de la cuota de mantenimiento de la asociación de residentes de la Urbanización Camino del Mar, gastos razonables de conservación y mantenimiento de la propiedad". Explicó que del Caso Núm. BY2022CV04067 sobre ejecución de hipoteca del aludido bien inmueble se desprende que su dirección postal es PO Box 238 Lares, PR 00669. Manifestó que debido al proceso de mediación en el Caso Núm. BY2022CV04067, intercambió varios correos electrónicos con la Asociación de Residentes y Recreativa Camino del Mar, Inc. durante el mes de noviembre de 2020 y el año 2022, por lo que la parte demandante contaba con su correo electrónico y número telefónico.

Alegó que la parte demandante reconoció, en el párrafo número cinco de la demanda, que el señor Quiles Maldonado se encuentra acogido a una petición de quiebras ante el Tribunal de Quiebras Federal, en el caso 20-01139-ESL13. Arguyó que la Asociación de Residentes y Recreativa Camino del Mar, Inc. tiene acceso al expediente del aludido caso de quiebras, por lo que desde el año 2019 cuenta con una lista de acreedores. Adujo que dicha lista incluye tanto a la parte demandante como a la señora Santiago Méndez con sus respectivas direcciones. Es decir, planteó que en virtud de la lista de acreedores la Asociación de Residentes y Recreativa Camino del Mar, Inc. conoce que sus direcciones son: Urb. Valle Verde Núm. 40 Calle Sevilla Hatillo, PR 00659 y PO Box

---

[10] *Véase*, Apéndice del Recurso, Entrada Núm. 29.

283 Lares, 0069. Asimismo, afirmó que las diligencias acreditadas en la declaración jurada en solicitud del emplazamiento por edicto han sido catalogadas jurisprudencialmente como estereotipadas. Explicó que una búsqueda en *Google* con su nombre, de manera inmediata, muestra su perfil en la red social *LinkedIn.* Precisó que el aludido perfil refleja que trabaja en el concesionario de autos Atlantic Toyota en Hatillo, lugar donde fue emplazada personalmente en el pleito sobre ejecución de hipoteca.

En resumen, sostuvo que el emplazamiento no cumplió con los requisitos del debido proceso de ley. Por tanto, solicitó al TPI que revoque la *Sentencia* emitida y deje sin efecto todas las determinaciones posteriores por haberse dictado sin jurisdicción sobre su persona, ya que, al tratarse de una sentencia nula, ésta no tiene efecto jurídico. Asimismo, requirió que se desestime la demanda y que se le imponga al demandante una suma no menor de $3,000.00 por concepto de honorarios y temeridad.

El 4 de septiembre de 2025 la Peticionaria instó una *Comparecencia Especial sin someterse a la jurisdicción del tribunal en torno a Remedio sobre Nulidad de Sentencia y Solicitud de Desestimación.*[11] Solicitó que mientras se dilucida la controversia sobre nulidad y desestimación, se paralice cualquier gestión sobre ejecución.

En respuesta, el 12 de octubre de 2025, la Asociación de Residentes y Recreativa Camino del Mar, Inc. presentó su *Réplica a comparecencia especial sin someterse a la jurisdicción del tribunal sobre nulidad de sentencia y solicitud de desestimación.*[12] Adujo que la Asociación de Residentes y Recreativa Camino del Mar, Inc. no era parte del Caso Núm. BY2022CV04067 y que nunca fue notificada de dicho procedimiento. Insistió en que la Sección 17 de

---

[11] *Véase,* Apéndice del Recurso, Entrada Núm. 29.
[12] *Véase,* Apéndice del Recurso, Entrada Núm. 35.

la Ley Núm. 21 de 20 de mayo de 1987, según enmendada, conocida como la "Ley de Control de Acceso de 1987", 23 LPRA sec. 64 *et seq.* (derogada 2020) le imponía a la señora Santiago Méndez la obligación de notificarle a la parte demandante de su nueva información al momento de ésta desalojar la propiedad o cederle su parte al señor Quiles Maldonado, lo cual nunca realizó. En cuanto a los correos electrónicos cursados entre las partes, alegó que no surge de éstos que la señora Santiago Méndez haya informado sobre su nueva dirección física o postal para futuras comunicaciones. Respecto a los acuerdos delimitados en la sentencia de divorcio, arguyó que éstos son confidenciales y no son vinculantes contra terceros. Entre otros asuntos, alegó que de una búsqueda de la petición de quiebras y sus anejos surge que la señora Santiago Méndez no figura como peticionaria o codeudora del señor Quiles Maldonado.

Luego de varios trámites procesales, el 3 de diciembre de 2025, el TPI emitió una *Orden* mediante la cual declaró *No Ha Lugar* la solicitud de nulidad de sentencia y desestimación presentada por la señora Santiago Méndez.

Inconforme, el 18 de diciembre de 2025, la señora Santiago Méndez, acudió ante esta *Curia* mediante recurso de *Apelación,* acogido como *Certiorari.* En esencia, la Peticionaria le imputó al TPI la comisión del siguiente error:

> **Erró el [Tribunal de Primera Instancia] al denegar la solicitud de desestimación y nulidad de sentencia por no cumplir el emplazamiento por edicto a la apelante con el ordenamiento aplicable y las garantías del debido proceso de ley.**

El 22 de enero de 2025 la Asociación de Residentes y Recreativa Camino del Mar, Inc. presentó el *Alegato de la parte Recurrida.* En resumen, alegó que cumplió con los requerimientos establecidos por la Regla 4.6 (a) de Procedimiento Civil, *supra,* para el emplazamiento por edictos. Sostuvo que, aun cuando el título no

indique "Moción bajo la Regla 49.2", tales solicitudes formuladas por la Peticionaria incluyen que se deje sin efecto o se releve de la sentencia emitida el 26 de abril de 2024 por el TPI. Por esta razón, destacó que el escrito de la señora Santiago Méndez fue presentado fuera del término dispuesto por la Regla 49.2 de Procedimiento Civil, *supra.* Contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**-A-**

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados*, 212 DPR 124 (2023); *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728-729 (2016); Véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.*; *IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la

denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari*, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para analizar el problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción,

prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012) (citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986)). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle, Mejías*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**-B-**

En nuestro sistema adversativo, el emplazamiento "*representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial*". *Acosta v. ABC, Inc.*, 142 DPR 927, 931 (1997); *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15, 22 (1993); *Pagán v. Rivera Burgos*, 113 DPR 750, 754 (1983) (Énfasis suplido). El emplazamiento persigue, primordialmente, dos propósitos: (1) notificar a la parte demandada en un pleito civil que se ha instado una reclamación judicial en su contra, y (2) garantizarle su derecho a ser oído y a defenderse. *Martajeva v. Ferré Morris y otros*, 210 DPR 612, 5 (2022). De otra parte, el emplazamiento constituye el medio por el cual los tribunales adquieren jurisdicción sobre la persona del demandado, de forma tal que el emplazado quede obligado por el dictamen que finalmente se emita. *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 384 (2021).

En atención a ello, la Regla 4 de Procedimiento Civil, *supra*, regula la expedición, forma y diligenciamiento de un emplazamiento. La inobservancia de dichos requisitos priva al tribunal de su jurisdicción sobre la persona del demandado. *Torres Zayas v.*

*Montano Gómez et als.*, 199 DPR 458, 467 (2017); *Datiz Vélez v. Hospital Episcopal*, 163 DPR 10, 15 (2004). Por esta razón, tales requisitos son de cumplimiento estricto y su adecuado diligenciamiento constituye un imperativo constitucional del debido proceso de ley. *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 645 (2018). Así pues, nuestro ordenamiento establece dos maneras para diligenciar un emplazamiento: de manera personal o mediante edictos. *Sánchez Ruiz v. Higuera Pérez et al.*, 203 DPR 982, 987 (2020); *Rivera v. Jaume*, 157 DPR 562, 575 (2002). En lo pertinente, la Regla 4.6 de Procedimiento Civil, *supra*, dispone lo siguiente:

> (a) Cuando la persona a ser emplazada esté fuera de Puerto Rico, o que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes, o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente, y así se compruebe a  satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias, y aparezca  también de dicha declaración, o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga por edicto. 32 LPRA AP. V, R. 4.6.

Conforme a lo antes señalado, para que un tribunal "permita un emplazamiento mediante edicto, tiene que haberse intentado efectuar previamente un emplazamiento personal, y después haberse sometido –y lógicamente tener el juez ante sí– una declaración jurada con la expresión de las diligencias ya efectuadas". *Sánchez Ruiz v. Higuera Pérez et al.*, *supra*, págs. 987-988 (citando a *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15, 23 (1993)). Así pues, corresponde a la parte demandante acreditar mediante declaración jurada las diligencias razonables efectuadas para emplazar personalmente a la parte demandada. *Íd.,* pág. 989. En lo concerniente a este aspecto, nuestro máximo foro ha resuelto que:

> [L]o fundamental para que se autorice el emplazamiento mediante edictos es que en la declaración jurada que acompañe la solicitud correspondiente se aduzcan hechos específicos que demuestren, *en las circunstancias particulares del caso en que surja la cuestión*, que el demandante ha realizado gestiones potencialmente efectivas para tratar de localizar al demandado y emplazarlo personalmente, y que a pesar de ello ha sido imposible encontrarlo. *Lanzó Llanos v. Banco de la Vivienda*, 133 DPR 507, 513-514 (1993). Al evaluar la suficiencia de tales diligencias, el tribunal deberá tener en cuenta todos los recursos razonablemente accesibles al demandante para intentar hallar al demandado y si se ha agotado toda posibilidad razonable disponible al demandante para poder localizarlo. *Global v. Salaam*, 164 DPR 474, 483-484 (2005) (citando a *Lanzó Llanos v. Banco de la Vivienda, supra*, pág. 515) (Énfasis en el original).

Por consiguiente, al sostener que el demandado se encuentra fuera de Puerto Rico o que se oculta, debe explicarse de manera detallada cómo el demandante conoce tales circunstancias y precisarse todas las gestiones realizadas para localizar al demandado. *Sánchez Ruiz v. Higuera Pérez et al., supra*, pág. 989 (citando a R. Hernández Colón, *Derecho procesal civil*, 7ta ed., San Juan, Ed. Lexis Nexis, 2017, págs. 397-398). De manera que, no se pueden alegar conclusiones, sino que hay que presentar los hechos que llevan a esas conclusiones. *Íd.* Además, se ha indicado que constituye una buena práctica indagar ante las autoridades de la comunidad, la policía, el alcalde, el administrador de correos, por ser las personas más idóneas para conocer la residencia o el paradero de quienes viven en la comunidad. *Sánchez Ruiz v. Higuera Pérez et al., supra*, pág. 988 (citando a *Global v. Salaam, supra*, págs. 483-484).

Luego de acreditadas dichas gestiones, la parte demandante publicará el edicto de emplazamiento en un periódico de circulación general. 32 LPRA AP. V, R. 4.6(a). Así, dentro de los diez (10) días siguientes de su publicación, entregará a la parte demandada la copia de la demanda y del emplazamiento mediante correo certificado con acuse de recibo a su última dirección física o postal

conocida. *Íd.* Sin embargo, la falta de un correcto emplazamiento de la parte contra la cual un tribunal dicta sentencia produce la nulidad de ésta, por inexistencia de jurisdicción sobre el demandado. *SLG Rivera-Pérez v. SLG Díaz-Doe et al.*, 207 DPR 636, 647 (2021) (citando a *Torres Zayas v. Montano Gómez et als., supra*, pág. 467).

**-C-**

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, autoriza al Tribunal a relevar a una parte de una sentencia, orden o procedimiento por varios fundamentos: (a) error, inadvertencia, sorpresa o negligencia excusable; (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48; (c) fraude, falsa representación u otra conducta impropia de una parte adversa; **(d) nulidad de la sentencia**; (e) la sentencia ha sido satisfecha o renunciada; y (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. *Íd.* (Énfasis suplido) A su vez, la Regla 49.2, *supra*, dispone que:

> **La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento.** Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia ni suspenderá sus efectos. **Esta regla no limita el poder del tribunal para:**
> **(1) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, una orden o un procedimiento;**
> **(2) conceder un remedio a una parte que en realidad no haya sido emplazada, y**
> (3) dejar sin efecto una sentencia por motivo de fraude al tribunal. 32 LPRA Ap. V, R. 49.2 (Énfasis suplido).

Así pues, la precitada regla es el mecanismo que tiene una parte para solicitar al foro de instancia que se releven los efectos de una sentencia cuando se cumpla alguno de los fundamentos

indicados. *López García v. López García*, 200 DPR 50, 60 (2018). El Tribunal Supremo de Puerto Rico ha expresado que, al momento de evaluar la procedencia de una solicitud de relevo de sentencia, también se debe evaluar si el peticionario tiene una buena defensa en sus méritos; el tiempo que media entre la sentencia y la solicitud del relevo; y el grado de perjuicio que pueda ocasionar a la otra parte la concesión del relevo de sentencia. *Reyes v. E.L.A. et al.*, 155 DPR 799, 810 (2001).

A pesar de que la Regla 49.2 de Procedimiento Civil, *supra*, se interpreta liberalmente, el Tribunal Supremo ha advertido que esta no constituye una "llave maestra" para reabrir controversias y no debe ser utilizada en sustitución de un recurso de revisión o una moción de reconsideración. *Vázquez v. López*, 160 DPR 714, 726 (2003); *Piazza v. Isla del Río, Inc.*, 158 DPR 440, 448 (2003). De modo que, el término de seis (6) meses para la presentación de la moción de relevo de sentencia es fatal. *García Colón et al. v. Sucn. González*, 178 DPR 527, 562 (2010); *Bco. Santander P.R. v. Fajardo Farms Corp.*, 141 DPR 237 (1996). En consecuencia, la Regla 49.2, *supra*, es categórica en cuanto a que la moción de relevo debe presentarse dentro de un término razonable pero que en ningún caso exceda los seis (6) meses. *Íd.*, pág. 543. Ahora bien, dicho plazo es inaplicable cuando se trata de una sentencia nula. *Náter v. Ramos*, 162 DPR 616, 625 (2004). "Una sentencia es nula cuando se ha dictado sin jurisdicción sobre la materia o las partes, o, en alguna forma infringe el debido proceso de ley". *Figueroa v. Banco de San Juan*, 108 DPR 680, 689 (1979).

Siendo ello así, en el caso de *Bco. Santander P.R. v. Fajardo Farms Corp.*, *supra*, el Tribunal Supremo de Puerto Rico interpretó que existen dos (2) mecanismos mediante los cuales una parte puede ser relevada de los efectos de una sentencia dictada sin que exista jurisdicción sobre su persona. *Íd.*, págs. 246-247. En primer

lugar, se trata de una solicitud al amparo de la Regla 49.2(d), *supra*, la cual, por disposición expresa de dicha norma, debe ser presentada dentro de los seis (6) meses siguientes de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. *Íd.* En segundo lugar, una vez **transcurrido el precitado término de seis (6) meses, la parte que desee plantear la nulidad de la sentencia debe recurrir a una acción independiente de nulidad de sentencia**. *Íd.*, págs. 246-247; Véase, R. Hernández Colón, *Práctica jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, Ed. Lexisnexis, 2017, Sec. 4810, págs. 661-662. (Énfasis suplido).

Es decir, dicha solicitud puede invocarse en cualquier momento, pero si el fraude o la nulidad que justifican el relevo de la sentencia se descubre y puede probarse dentro de los seis (6) meses, se solicita por Moción a base de la Regla 49.2, *supra*. C. Zeno Santiago, *Sumario Procedimiento Civil Puertorriqueño*, 1ra ed., San Juan, Ed. Situm, 2023, pág. 237; *Rivera v. Jaume*, 157 DPR 562. 574 (2002). En cambio, "si ya han pasado los seis (6) meses, no puede hacerlo por esta regla, pero lo puede traer como un pleito independiente, o sea, atacando esa sentencia mediante una demanda dirigida contra la parte que obtuvo la sentencia por fraude o nulidad". *Íd.*

### III.

En el recurso que nos ocupa, la señora Santiago Méndez nos solicita que revoquemos la *Orden* del TPI mediante la cual declaró *No Ha Lugar* la solicitud de nulidad de sentencia y desestimación instada por ésta. En esencia, la Peticionaria planteó que incidió el foro primario al denegar la solicitud de nulidad de sentencia y desestimación toda vez que el emplazamiento por edicto no cumplió con las garantías del debido proceso de ley. Veamos.

Según relacionamos previamente, el 11 de diciembre de 2023 la Recurrida instó una *Demanda* sobre cobro de dinero en contra de la señora Santiago Méndez. El 12 de febrero de 2024, luego de evaluada la solicitud de la Recurrida, el TPI ordenó el emplazamiento por edicto. Así las cosas, el 11 de abril de 2024 el foro primario anotó la rebeldía de la señora Santiago Méndez. Posteriormente, el 29 de abril de 2024 se dictó *Sentencia* en el caso de epígrafe.

Luego de varios trámites procesales, el 30 de agosto de 2025, la señora Santiago Méndez presentó una *Comparecencia especial sin someterse a la jurisdicción del tribunal sobre nulidad de sentencia y solicitud de desestimación*. Explicó en dicho escrito, al igual que en el recurso ante nos, que el 28 de junio de 2025 la Recurrida le hizo entrega de una citación para la toma de deposición programada para el 3 de septiembre de 2025. Alegó que, de manera sorpresiva, la emplazadora se comunicó con ésta al número telefónico que la Recurrida conoce desde el año 2019, pero que no utilizó cuando debía diligenciar correctamente el emplazamiento. Expresó que la emplazadora, al personarse en la Urb. Valle Verde de Hatillo sin encontrar a nadie, la llamó y, en coordinación con la Peticionaria, le hizo entrega de la citación en Lares.

Por esta razón, planteó que la Recurrida optó por enviar la demanda y el emplazamiento a la misma dirección de Camino del Mar, aun sabiendo que trataba de un intento infructuoso y disponiendo de otras direcciones. Adujo que la Recurrida no agotó los esfuerzos necesarios para emplazarla en Hatillo, aun cuando conocía esta dirección; sin embargo, tras obtener el emplazamiento por edicto, utilizó esa misma dirección para notificarlo.

Ahora bien, corresponde destacar que el referido escrito fue presentado aproximadamente (16) meses después de haberse dictado *Sentencia*. De modo que transcurrió en exceso el término fatal de seis (6) meses que dispone la Regla 49.2 de Procedimiento

Civil, *supra,* para la presentación de una solicitud de relevo de sentencia. 32 LPRA AP. V, R. 49.2; *Banco Santander v. Fajardo, supra,* pág. 243. Como reiteradamente ha sido reconocido, expirado dicho plazo, **la parte que desee plantear la nulidad de la sentencia deberá instar una acción independiente de nulidad de sentencia.** *Íd.,* págs. 246-247; *Rivera v. Jaume, supra,* pág. 574. En consecuencia, resulta forzoso concluir que la determinación impugnada no adolece de prejuicio, parcialidad o abuso de discreción, ni exhibe error en la aplicación o la interpretación de normas procesales o sustantivas. Por tanto, actuó correctamente el TPI al denegar la solicitud sobre nulidad de sentencia y solicitud de desestimación presentada por la Peticionaria.

### IV.

Por los fundamentos que anteceden, los que hacemos constar en este dictamen, se *confirma* el auto de *Certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones